UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILLY JOE THOMAS,<br><br>                Plaintiff,<br><br>    v.<br><br>CUSTER COUNTY JAIL DEPUTIES AND COURTS, and JORDAN KUNKEL,<br><br>                Defendants. | Case No. 4:23-cv-00568-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Clerk of Court conditionally filed Plaintiff Billy Joe Thomas's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.**       **Pleading Standards and Screening Requirement**

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met

when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a plausible claim for relief. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations amounting to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims lacking adequate factual support or claims that are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or claims seeking monetary relief from a defendant who is immune from such relief. *Id.* These last two categories—together with claims falling outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim,

however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

**2.     Factual Allegations**

Plaintiff is an inmate presently detained in the Custer County Jail. Plaintiff alleges that he was arrested by Custer County deputies on July 29, 2023. After the arrest, Plaintiff asked deputies to remove his phone and flashlight from his vehicle and preserve them for evidence. (*Compl*., Dkt. 3 at p. 2). Plaintiff also asked repeatedly to be tested for drugs. It appears these requests were not granted.

Plaintiff also complains that his arrest was not recorded, as the officer's body camera "glitch[ed] out," and that other evidence against him was not properly secured. (*Id*.) Plaintiff alleges he was not arraigned until August 2, 2023. Finally, Plaintiff asserts that he has received legal mail in jail that was unsealed. (*Id*.).

Plaintiff sues the Custer County Jail and Deputy Sheriff Jordan Kunkel. He complains that he has been deprived of critical evidence that he needs to defend against pending state criminal

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

charges. Plaintiff asks that the state charges be dismissed or his evidence found so he can properly defend himself. (*Id.*).

**3.     Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

   **A.     *Section 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted

improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity, such as the Custer County Jail, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### i.       Claims Challenging Plaintiff's Pending Criminal Charges

Plaintiff's claims that challenge his ongoing state criminal proceedings are likely barred by *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court may hear a civil rights claim related to a pending state criminal case only if "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." *Id*. at 46. It is only in the most unusual of circumstances that a federal court may interfere in an ongoing state criminal matter or in a threatened state court prosecution. Instead, a court generally must abstain from hearing the claim.

For a federal court to abstain from hearing a case under *Younger*, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate"; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions"; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54.

In this case, if this Court were to interfere in Plaintiff's ongoing state criminal case, the principle of comity would not be served. Important state interests are at stake where Idaho's criminal proceedings are involved, as discussed in *Younger*. Plaintiff has a remedy in the state

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

court system, and there is no indication that the state courts are not fully capable and willing to adjudicate the constitutional issues raised by Plaintiff. Because the three factors required for *Younger* abstention are present and no "extraordinary circumstances" exist, abstention in this case appears proper.

If Plaintiff files an amended complaint, he may attempt to show the type of extraordinary circumstances that would render *Younger* abstention inappropriate.

### ii. Legal Mail Claim

Plaintiff's allegation that he received unsealed legal mail does not challenge his ongoing criminal charges and, thus, is not affected by the *Younger* doctrine. For the following reasons, however, the claim is not plausible.

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). A prison or jail may adopt regulations or practices that impinge on a prisoner's First Amendment rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Specific allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). A temporary delay in the delivery of mail resulting from a prison's security inspection, however, does not violate a prisoner's First Amendment rights. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999).

Different standards apply to restrictions on inmate mail, depending on whether the mail is considered legal mail or non-legal mail. Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *as amended*, 135 F.3d 1318 (9th Cir. 1998).

Prison officials have the right to open and to inspect legal mail from attorneys to inmates or from inmates to attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). But prison officials

may not *read* an inmate's legal mail. *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (*Nordstrom II*) (First Amendment claim); *Nordstrom v. Ryan*, 762 F.3d 903, 910-11 (9th Cir. 2014) (*Nordstrom I*) (Sixth Amendment claim). "[E]ven a single instance of improper reading of a prisoner's [legal] mail can give rise to a constitutional violation." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (Sixth Amendment context); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) ("[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory.").

Further, "prisoners have a protected First Amendment interest in having properly marked legal mail opened [and inspected] only in their presence." *Hayes*, 849 F.3d at 1211. The negligent opening of a prisoner's legal mail outside the inmate's presence, however, does not rise to the level of a constitutional violation and, therefore, does not violate § 1983. *Hayes*, 849 F.3d at 1218 ("An allegation that prison officials opened a prisoner's legal mail, without an allegation that the mail was deliberately and not negligently opened, is not sufficient to state a cause of action under § 1983.") (Bybee, J., concurring); *Hayes*, 849 F.3d at 1212 ("Hayes has alleged a plausible claim that his protected mail was *arbitrarily or capriciously* opened outside his presence on two separate occasions.") (emphasis added); *see Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person," which is "[f]ar from [a governmental] abuse of power" actionable under § 1983). Finally, to state a colorable First Amendment claim that legal mail was opened outside the presence of an inmate, the plaintiff must allege that the mail was from an attorney and that the mail "was properly marked as 'legal mail.'" *Hayes*, 849 F.3d at 1211.

Plaintiff alleges only that he has received unsealed legal mail. He may be alleging that the envelope containing the mail was opened. However, Plaintiff has not alleged that the mail was properly marked as "legal mail" or that the unidentified individual who opened the mail acted with a sufficiently culpable state of mind. Nor does the Complaint plausibly allege a custom or practice, on the part of Custer County, of opening inmates' legal mail outside their presence.

### B. State Law Claims

In addition to § 1983 claims, Plaintiff purports to assert state law claims, though Plaintiff does not identify any such claims. (*Compl.*, Dkt. 3 at p. 1). Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint and is allowed to proceed on a federal claim, and if that amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 4. Standards for Amended Complaint

If Plaintiff chooses to file an amended complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of First Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing Plaintiff can meet the *Monell* requirements, as explained above, with respect to any claims against the Custer County Sheriff's Department.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: February 14, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge